PILOT NO. 2, The (FOSTER v.). See Case No. 4,980.

PINCKNEY. The GENERAL C. C. See Cases Nos. 5,308 and 5.309.

PINE (WEST v.). See Case No. 17,423.

PINGREE (UNITED STATES v.). See Case No. 16,050.

———

## Case No. 11,169.

### PINNES et al. v. ELY.

[4 McLean, 173.] [1]

Circuit Court, D. Ohio. July Term, 1846.

BILLS AND NOTES—AGREEMENT TO PAY—CONSIDERATION.

Two notes having been given, signed by Ely and Hawes, payable to Walden, Thomas & Co., the notes were indorsed by them, and also by David J. Ely, in blank. Afterward, David J. Ely agreed with Walden, Thomas & Co. on the delivery of the above notes, to pay the amount, as if he had indorsed the notes. *Held*, that he was liable, the surrender of the notes to him being a valuable consideration.

At law.

Mr. Rankin, for plaintiffs.
Mr. Hunter, for defendant.

OPINION OF THE COURT. This is an action of assumpsit, brought [by Pinnes and Tuttle] against Ely, as indorser of two notes, one dated 10th of February, 1841, for $2,500. payable in twenty-four months, at the Bank of Port Gibson, and signed Ely & Hawes. The note of the same date, for $2,800, payable in thirty-six months, at the same bank, signed Ely & Hawes. Both notes were given, payable to the order of Walden, Thomas & Co. The notes were indorsed by them, and also by David J. Ely, in blank. On the 3d of August. 1841, the following agreement was made by the defendant with Walden, Thomas & Co. After referring to the notes above stated: "Now. in consideration of the above described notes, I have received from the said Walden, Thomas & Co., the following notes of Foster & Ely and David J. Ely, amounting to the sum of the above two notes. And the condition of the delivery of Foster & Ely's and my own individual notes to me, is this, that until the said notes of Ely & Hawes are fully paid, to the holders thereof, I am held and firmly bound to the said Walden, Thomas & Co., and hereby bind myself, my heirs and executors, for the payment of the said two notes of Ely and Hawes, in the same manner and to the same extent in all respects as though the said two promissory notes had been drawn and made payable to my order, and by me indorsed to the said Walden, Thomas & Co."

THE COURT instructed the jury that the above was a binding contract on David J. Ely, the same as if he had indorsed the two notes above stated, it having been entered into for a valuable consideration.

The jury found for the plaintiffs and assessed the damages at $6,735.

———

[1] [Reported by Hon. John McLean, Circuit Justice.]